Childers, adm'r, *vs.* West *et al.*

JANE W. CHILDERS, adm'r, plaintiff in error, *vs.* GEORGE
W. WEST *et al*, defendants in error.

1. Where a bill was pending against an administrator for an account of
a trust confided to his intestate, and there was an amendment en-
joining the widow from proceeding to final judgment in certain pro-
ceedings instituted by her, to obtain money in lieu of dower, and the
matters of the bill and answers, by agreement, and under an order of
the Court, were submitted to one of the attorneys on each side and an
umpire, who met, and found a certain large sum due to the complain-
ant, and also reduced the amount coming to the widow in lieu of dower,
as found by the duly appointed commissioners, and their award was,
at the next term of the Court, made the judgment of the Court, in the
absence of the defendant from this State, and in the absence, for pro-
vidential cause, of his counsel other than his arbitrator, and in the ab-
sence also of the counsel of the widow, for providential cause: *Held,*
that a bill for review, setting up these facts, and charging that the
referees had made a gross mistake in calculation, and had acted con-
rary to law in charging the intestate with certain notes as cash, which
he had not in fact collected, and which had been lost without his fault,
is properly filed against the complainant in the original bill, and, if
demurred to, the demurrer should be overruled.

2. The referees had no right, under this reference to decrease the amount
allowed the widow in lieu of dower.

Equity. Mistake, etc., in award. Demurrer. Before Judge
BIGBY. Chambers. Polk county. March, 1869.

So much of the facts of this voluminous record as is neces-
sary to an understanding of the decision, is set forth in the
head note and opinion prepared by Judge McCay.

SMITH & BRANHAM, UNDERWOOD & ROWELL, for plain-
tiff in error.

ALEXANDER & WRIGHT, for defendants.

McCAY, J.

This was a bill filed in November, 1868, by Jane W. Chil-
ders, administrator of Haden M. Prior, against George W.
West, as trustee for certain minor children, and against va-
rious other persons, creditors of Haden M. Prior. So far
as West is concerned, the main object of the bill was to set
aside an award.

It was charged, that in 1867 West had filed a bill against complainant for an account of a large trust estate which Prior, before his death, had had in his hands for the benefit of his minor brothers and sisters, whom West now represented as trustee. The bill of West also charged, that the widow of Prior had chosen money in lieu of dower, and the commissioners had allowed her a large amount, which, if paid, it would be a gross injustice to the creditors, and was in truth excessive, and prayed an injunction against the widow of the administrator from paying the amount due under the report of the commissioners. It further was charged, that the administrator of Prior answered the bill; that before the case was tried, the administrator and West agreed to submit the matters to arbitration, and a rule of Court was taken for that purpose; that the arbitrators met, and made an award; that no copy of the award was furnished the administrator, but at the next Court, in the absence of Childers, it was made he judgment of the Court. It further appeared, that the award largely lessened the amount of money in lieu of dower, to be paid to the widow of Prior, and that there was nothing in the submission to show that the widow had agreed to submit her rights to the arbitrators.

The bill charged that the award was made solely on the bill and answer and returns of Prior, no other evidence being before the arbitrators, and that the arbitrators had committed various mistakes in their award, both of law and fact; that they had held Prior responsible for various promissory notes which had gone into his hands, which it appeared before them had never been collected and were upon insolvent persons, and had been lost without any fault of Prior. These notes were specified, and the facts were distinctly stated in the bill. The bill also charged various mistakes by the arbitrators in their calculations, and set forth in detail the mistakes and miscalculations to a large amount, which mistakes, if made as charged, must have materially affected the finding of the arbitrators. Fully to understand the nature and extent of the mistakes would require the setting forth of nearly the whole bill. The bill, in addition

to the charges as to the mistakes in the award, also set up a claim, that the complainant was entitled to submit this, as well as the other claims against the estate of Haden Prior, to a jury for adjustment of the equities between them under the relief law, and prayed an injunction against West until the matter could be heard on a new trial.

West demurred to the bill, and the Court sustained the demurrer and dismissed the bill as to West and dissolved the injunction, and Childers excepted.

1. The bill in this case distinctly charges, that the referees made gross mistakes in their award, and sets up in detail various of these mistakes, showing that they were material and entered largely into the amount of the verdict. It charges specially that on the trial, in making up their judgment, they held the trustee liable for all the notes that went into his hands, though in fact he had, without any fault of his, failed to collect the money on them, and they were now worthless. It charges also that they reduced the amount settled by the commissioners as the sum due the widow in lieu of dower, although that was not one of the matters left to them. And it also charges facts which show that the plaintiff and the widow did not have a fair opportunity at the term at which the judgment of the referees was made the judgment of the Court to object. The demurrer admits all these facts.

Without doubt, unless the complainants are concluded by their failure to make their objections to the award at the term at which it was made the judgment of the Court, these mistakes so distinctly charged and so material to the result, especially the error in law of holding the trustee liable for the notes lost without his fault; without doubt we say, if the complainants are not in *laches*, these mistakes and errors make a good bill, and the injunction staying the judgment ought to have been continued.

Passing over the fact that the widow had no notice, and the absence of the other complainant, is not this case clearly within the provision of the Constitution of 1868, giving all parties twelve months to open and attack illegal judgments

of any kind ?   The object of that provision, article 9 section 6, taken in connection with the section in which it appears, was to adopt and transfer to the new organization and confirm all judgments between the 19th of January, 1861, and the date of the adoption of the new Constitution, with the exceptions named.   But this was with the express proviso, that all the parties should have twelve months to attack them for *fraud, illegality* or *error of law,* notwithstanding they might otherwise be barred by lapse of time.

We think the complainant is within this rule, even if under the facts stated he would not be entitled to his bill at any rate.   We do not, in this case, decide the questions so thoroughly discussed as to the effect and meaning and constitutionality of the relief law.   It is not necessary in the decision of the question involved, to-wit : the dissolution of the injunction.   If the complainants had a right to attack the judgment, and we think they had, the injunction ought to have been continued.

Judgment reversed.